FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 20 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TIMOTHY A. BURTHEY,

                Plaintiff,

     -against-

NEW YORK DAILY NEWS; EDITOR KEVIN
CONVEY; REPORTER BLANCA MONICA
QUINTANILLA; GOOGLE.COM; BING.COM;
YAHOO.COM, et al.,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM & ORDER

11-CV-6042 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On December 6, 2011, Plaintiff Timothy A. Burthey filed this action pro se against the New York Daily News (the "Daily News"), two individual Daily News employees, and three internet websites. (Compl. (Docket Entry # 1) ¶ 1.) Pursuant to 28 U.S.C. § 1915, Plaintiff's request to proceed in forma pauperis is granted for the purpose of this Order. For the reasons set forth below, the action is dismissed.

I.     BACKGROUND

Plaintiff's one-page Complaint alleges that Defendant Blanca Monica Quintanilla ("Quintanilla ") wrote a news story about Plaintiff while Quintanilla was working as a reporter at the Daily News. (Compl. ¶ 3.) Plaintiff alleges that the story was untrue and that it "has devastated [his] life." (Id.) He seeks $10 million in damages and injunctive relief, including the removal of his name from the Daily News archives and the three Defendant internet search engines. (Id. ¶ 4.) Plaintiff claims that this court has jurisdiction "pursuant to Federal rules of civil procedure." (Id. ¶ 2.)

1

## II. LEGAL STANDARD

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Federal courts have subject matter jurisdiction in cases in which a "federal question" is presented. 28 U.S.C. § 1331; see also State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975) ("Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."). Federal courts also have subject matter jurisdiction over cases in which plaintiffs and defendants have complete diversity of citizenship, *and* the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; see also Handelsman v. Bedford Vill. Assocs., 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." (internal quotation marks and citations omitted)). A district court lacks subject matter jurisdiction to hear cases that do not fall into either of these two categories. Furthermore, "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); see Fed. R. Civ. P. 12(h)(3).

The court is mindful, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A pro se plaintiff's pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.

1994). Furthermore, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant the plaintiff leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

### III. DISCUSSION

Plaintiff does not assert any valid basis for this court's jurisdiction over his claims. First, the allegations in the Complaint do not raise any federal question. Although the Federal Rules of Civil Procedure govern proceedings that are properly heard in federal court, these rules do not themselves create a cause of action or provide any basis for federal jurisdiction.

Second, the court lacks diversity jurisdiction because Plaintiff and Defendants in this case do not have complete diversity of citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff states that Defendant New York Daily News, a corporation,[1] "resides at: 4 New York Plaza, New York, NY 10004." (Compl. ¶ 1.) Plaintiff also states that he resides in Springfield Gardens, New York. (Id.) Because both Plaintiff and Defendant New York Daily News are citizens of New York, complete diversity does not exist.

Therefore, because this case presents neither a federal question and nor diversity of citizenship, this court lacks federal subject matter jurisdiction to hear it.

### IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3). Any state law claims, including Plaintiff's defamation claim, are dismissed without prejudice to their being brought in the state courts. The

---

[1] The New York State Department of State, Division of Corporations shows that the New York Daily News Corporation was incorporated in New York State and remains an active domestic business corporation with offices at 141 East 25th Street, New York, NY, 10010.

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 16, 2011

NICHOLAS G. GARAUFIS
United States District Judge

4